**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:92-CV-888 JAR |
| | ) | |
| MISSOURI BOARD OF PAROLE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This closed federal habeas matter under 28 U.S.C. § 2254 is before the Court on Petitioner Douglas Thompson's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6) (Doc. No. 49). Respondent filed its Response to Court Order (Doc. No. 54); Petitioner filed a Reply (Doc. No. 56). The motion is fully briefed and ready for disposition.

### Background[1]

In April/May of 1992, this Court received by transfer from the Western District of Missouri, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Thompson challenging his 1984 conviction of first-degree murder for the death of a police officer, Herbert Goss.[2] On August 17, 1992, the matter was referred to United States Magistrate Judge Catherine D. Perry for her report and recommendation pursuant to 28 U.S.C. § 636(b).

Thompson raised the following claims in support of his petition:

---

[1] Thompson's extensive criminal conviction and post-conviction history is discussed in detail in Thompson v. Denney, No. 4:13-CV-1241 TIA, 2013 WL 3884168, at *1-3 (E.D. Mo. July 26, 2013), and will not be repeated here.

[2] Thompson's conviction and sentence were affirmed on direct appeal on January 5, 1987. State v. Thompson, 723 S.W.2d 76 (Mo. Ct. App. 1987).

1. Although petitioner was charged with "specific intent murder under section 559.010 R.S. Mo. 1959" his jury was improperly told, without proper notice to petitioner, that it could find him guilty of first degree murder through jury instructions 8 and 9 if he or another caused the death of Goss (Second Amended Petition, ¶¶ 1(A)-(B) and (F)-(G)) ("notice claims")[3];

2. Petitioner's jury instructions relieved the state of its burden of proving that petitioner killed Goss willfully, deliberately, with premeditation, or with malice aforethought (Second Amended Petition, ¶¶ 1(C)-(E)) ("instruction claims").

Judge Perry found the claims abusive of the writ because Thompson failed to demonstrate legally sufficient cause for failing to raise the claims in his earlier petitions or that the court's failure to entertain these claims would constitute a fundamental miscarriage of justice. (Report and Recommendation of United States Magistrate Judge, Doc. No. 30 at 13-16) Alternatively, Judge Perry found that none of Thompson's claims stated a claim for habeas relief and denied each one on the merits. (Id. at 16-22)

On January 31, 1994, the district court sustained the Magistrate's Report and Recommendation and denied Thompson's petition. (Doc. No. 35) On appeal, the Eighth Circuit did not address whether Thompson's petition was an abuse of the writ, but affirmed the district court's determination that Thompson's habeas claims were either procedurally barred or without merit.[4] See Thompson v. Mo. Bd. of Probation and Parole, 39 F.3d 186 (8th Cir. 1994), cert. denied, 514 U.S. 1113 (1995).

---

[3] In its briefing, Respondent divided this claim into three components: (i) Thompson's jury was not properly instructed regarding accessorial liability; (ii) Thompson was not given adequate notice that he would be prosecuted as an aider or encourager; and (iii) it was an ex post facto violation for Thompson to be charged as an aider in the Goss murder. (See Response to Court Order, Doc. No. 20; Report and Recommendation of United States Magistrate Judge, Doc. No. 30 at 16)

[4] Thompson's notice claim was procedurally barred because he did not raise it in either of his new-trial motions or on direct appeal.

On June 13, 2017, Thompson moved to reopen this closed § 2254 case pursuant to Fed. R. Civ. P. 60(b)(6). Respondent opposes the motion and argues that Thompson is not entitled to the relief he seeks because review of his claims is barred by 28 U.S.C. § 2244(b) and because his motion is untimely.

**Standard of review**

A court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(6). Petitioners sometimes request relief under Rule 60(b) when the motion is more properly characterized as a successive § 2254 petition. See, e.g., Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). However, a state prisoner may file a second or successive motion under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3). Where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court must determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. Boyd, 304 F.3d at 814. If the Court determines a Rule 60(b) motion to be a second or successive habeas petition, the Court must dismiss it for failure to obtain authorization from the Court of Appeals, or alternatively transfer the motion to the Eighth Circuit. Id. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 . . . action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).

A Rule 60(b) motion is considered a second or successive habeas petition if it contains a "claim." Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009). A Rule 60(b) motion contains a claim if it "seeks to add a new ground for relief" or "attacks the federal court's previous

resolution of a claim on the merits." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532 (2005). A petitioner

may use a Rule 60(b) motion to challenge a procedural ruling of the habeas court or a defect in

the integrity of his federal habeas proceedings, but a motion attacking the merits of the denial of

a claim in a prior habeas proceeding or asserting or reasserting a federal basis for relief from the

underlying conviction must be treated as a second or successive section habeas petition. <u>Id.</u> at

530-32.

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244, imposes

three requirements on successive habeas petitions:

> First, any claim that has already been adjudicated in a previous petition must be
> dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be
> dismissed unless it relies on either a new and retroactive rule of constitutional law or new
> facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the
> district court may accept a successive petition for filing, the court of appeals must
> determine that it presents a claim not previously raised that is sufficient to meet §
> 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

<u>Gonzalez</u>, 545 U.S. at 529. While Rule 60(b) allows a habeas petitioner to seek relief from final

judgment and request reopening of his case, the rule only applies to the extent that it is consistent

with AEDPA. <u>Id.</u> at 529.

**Discussion**

In his motion, Thompson argues he is entitled to reopen his case based on the decisions in

<u>Carmell v. Texas</u>, 529 U.S. 513 (2000), <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), and <u>Buck v. Davis</u>,

137 S. Ct. 759 (2017). In <u>Carmell</u>, the Supreme Court held that retroactive application of an

amendment altering the legal rules of evidence to require less evidence to obtain a conviction

violated the Ex Post Facto Clause. 529 U.S. at 530. In <u>Martinez</u>, the Supreme Court held that

ineffective assistance of post-conviction counsel may constitute "cause" necessary to excuse a

procedural default. 566 U.S. at 17. In <u>Buck</u>, the Supreme Court held that a petitioner may be

entitled to Rule 60(b) relief where his claim of ineffective assistance of counsel was procedurally defaulted in post-judgment proceedings. 137 S. Ct. at 778. Thompson suggests these decisions support his claims that: (1) his trial counsel was ineffective for failing to present ballistic evidence that Thompson's gun was not fired or about the trajectory of the fatal bullet, which he contends would have shown he was actually innocent; (2) his trial counsel was ineffective for failing to object to the verdict director because it instructed on accessory liability; and (3) his conviction under an accessory liability theory violated the Ex Post Facto Clause.

In response, Respondent states that Thompson's first two claims were not raised in his original § 2254 petition and thus are barred by 28 U.S.C. § 2244(b)(1). Thompson's third claim – that his conviction violated his rights under the ex post facto clause – was previously raised in his original § 2254 petition (see Supplement to Second Amendment, Doc. No. 3) and denied on the merits and thus is barred by 28 U.S.C. § 2244(b)(2).

After careful review of the Court's previous decision on Thompson's habeas petition and the present Rule 60(b)(6) motion, the Court determines that Thompson's motion is improper because it seeks to assert or reassert a federal basis for relief from his conviction. To the extent he seeks to bring new claims for habeas relief, Thompson must obtain leave from the Eighth Circuit Court of Appeals before he can assert those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). To the extent Thompson seeks to relitigate a claim he brought in one of his prior habeas petitions relative to his 1984 conviction, that claim must be dismissed pursuant to 28 U.S.C. § 2244(b)(1). The Court will, therefore, deny and dismiss Thompson's motion for lack of jurisdiction as a second or successive habeas petition. See Ward, 577 F.3d at 933.

Even if this Court were to construe Thompson's motion under Rule 60(b)(6) and not as a successive § 2254 petition, he is still not entitled to relief. Relief under Rule 60(b)(6) is only

available in "extraordinary circumstances." <u>Gonzalez</u>, 545 U.S. at 535. "Such circumstances will rarely occur in the habeas context." <u>Id</u>. Thompson argues that in light of the decisions in <u>Carmell</u>, <u>Martinez</u>, and <u>Buck</u>, his case should be reopened. A change in decisional law is usually not, by itself, an "extraordinary circumstance" warranting Rule 60(b)(6) relief. <u>Gonzalez</u>, 545 U.S. at 536-37 (concerning AEDPA's statute of limitations); <u>see also</u> <u>DeJournett v. Luebbers</u>, No. 4:01-CV-1341 (CEJ), 2014 WL 81837, at *4 (E.D. Mo. Jan. 9, 2014) (<u>Martinez</u> does not "justify intrusion into the finality of movant's former § 2254 judgment"); <u>Williams v. Kelley</u>, No. 5:02CV00450 JLH, 2017 WL 1395613, at *4 (E.D. Ark. Apr. 18, 2017) ("The recent decision of the Supreme Court in [<u>Buck</u>] does not hold that the change in law announced in <u>Martinez</u> and <u>Trevino</u> [v. Thaler, 133 S. Ct. 1911 (2013)] by itself constitutes an extraordinary circumstance that justifies relief under Rule 60(b)(6).").

In addition, Thompson's motion is untimely. A motion under Rule 60(b)(6) must be "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Courts considering Rule 60(b)(6) motions generally find that a delay of more than a few years is unreasonable. <u>See</u>, <u>e.g.</u>, <u>Middleton v. McDonald</u>, 388 F.3d 614, 617 (8th Cir. 2004) (three years before filing motion to set aside dismissal of suit under 42 U.S.C. § 1983 was unreasonable); <u>Watkins v. Lundell</u>, 169 F.3d 540, 544 (8th Cir. 1999) (suggesting but not deciding that it was unreasonable to wait seventeen months before moving to set aside a default judgment); <u>Kellogg v. Strack</u>, 269 F.3d 100, 104 (2d Cir. 2001) (motion filed twenty-six months after denial of petition under 28 U.S.C. § 2254 was untimely); <u>Nucor Corp. v. Nebraska Pub. Power Dist.</u>, 999 F.2d 372, 374–75 (8th Cir. 1993) (Rule 60(b)(6) motion filed after three years was untimely). Here, Thompson did not file his motion until more than twenty-three years after the Court denied his § 2254 petition and the Eighth Circuit affirmed that ruling, and the Court concludes that this delay was unreasonable.

Furthermore, Thompson fails to give any reason, persuasive or otherwise, to justify the delay.

**Conclusion**

For these reasons, Rule 60(b)(6) does not provide Thompson with a means to challenge his 1984 conviction and sentence, because his motion raises a claim and must therefore be brought as a second or successive § 2254 motion. Because Thompson did not obtain advance authorization from the Eighth Circuit Court of Appeals to file his motion, as required by AEDPA, the Court will dismiss it. See Boyd, 304 F.3d at 814. Because Thompson advances no arguments demonstrating that his Rule 60(b) motion was filed within a reasonable time, to the extent his motion is treated as a Rule 60(b) motion, it will also be denied as untimely. See Jennings v. Groose, No. 4:94CV1349 CDP, 2015 WL 1475663, at *3 (E.D. Mo. Mar. 31, 2015).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6) [49] is **DENIED** to the extent the motion is treated as a Rule 60(b) motion, and **DISMISSED** for lack of jurisdiction as a second or successive habeas petition in all other respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

_John A. Ross_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of March, 2018.