# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS THOMPSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:92-CV-888 JAR |
| | ) |
| MISSOURI BOARD OF PAROLE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This closed federal habeas matter under 28 U.S.C. § 2254 is before the Court on Petitioner Douglas Thompson's Motion for Relief Pursuant to Rule 60(d)(3), Fraud on the Court and/or A Lack of Subject Matter Jurisdiction on Retrial Charge (Doc. No. 69) and Motion to Expedite (Doc. No. 74). No response was filed and the time to do so has passed. For the following reasons, the motion will be dismissed.

**Background**

Briefly, in April/May of 1992, this Court received by transfer from the Western District of Missouri, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Thompson challenging his 1984 conviction of first-degree murder for the death of a police officer, Herbert Goss.[1] On January 31, 1994, the district court denied Thompson's petition. On appeal, the Eighth Circuit affirmed the district court's determination that Thompson's habeas claims were either procedurally barred or without merit. See Thompson v. Mo. Bd. of Probation and Parole, 39 F.3d 186 (8th Cir. 1994), cert. denied, 514 U.S. 1113 (1995).

---

[1] Thompson's conviction and sentence were affirmed on direct appeal on January 5, 1987. State v. Thompson, 723 S.W.2d 76 (Mo. Ct. App. 1987).

On June 13, 2017, Thompson moved to reopen the case under Rule 60(b)(6). The Court determined that Thompson's motion was improper because it sought to assert or reassert a federal basis for relief from his conviction and therefore denied and dismissed his motion for lack of jurisdiction as a second or successive habeas petition. (Doc. No. 57). The Court further found that even if Thompson's motion was construed under Rule 60(b)(6) and not as a successive § 2254 petition, he would still not be entitled to relief for two reasons. First, Thompson failed to set forth an "extraordinary circumstance" warranting relief under Rule 60(b)(6). Second, his motion, filed more than twenty-three years after the Court denied his § 2254 petition and the Eighth Circuit affirmed that ruling, was untimely. On April 10, 2018, the Court denied Thompson's motion for reconsideration. (Doc. No. 60). Thompson was denied a certificate of appealability both by this Court, <u>Thompson v. Mo. Bd. of Probation and Parole</u>, No. 4:92-CV-888 JAR (E.D. Mo.), and by the Eighth Circuit Court of Appeals, <u>Thompson v. United States</u>, No. 18-1898 (8th Cir.).

Thompson now seeks to attack the validity of his sentence under Rule 60(d)(3). He asserts that the State of Missouri perpetrated a fraud on the court when, during his retrial for the death of police officer Herbert Goss in 1984, it instructed the jury on the elements of first degree murder under newly enacted section 565.020 R.S. Mo. (1984), rather than section 559.010 R.S. Mo. (1959), the statute under which he was originally charged in 1961. Because the provisions of Chapter 565 only govern offenses committed after July 1, 1984, section 565.001.1, 2, R.S. Mo., Thompson moves to reopen his case and vacate his conviction for lack of subject matter jurisdiction.

**Discussion**

Rule 60(d)(3) grants the Court power to "set aside a judgment for fraud on the Court." Under this rule, fraud is narrowly defined as "fraud directed to the judicial machinery itself," and is not fraud between the parties or fraudulent documents, false statements, or perjury. See Superior Seafoods, Inc. v. Tyson Foods, Inc., 620 F.3d 873, 878 (8th Cir. 2010). Only the most egregious misconduct, such as bribery of a judge or jury or fabrication of evidence by counsel, will constitute a fraud on the court. Landscape Props., Inc. v. Vogel, 46 F.3d 1416, 1422 (8th Cir. 1995); Johnson v. United States, No. 4:07CV00365 ERW, 2011 WL 940841, at *1 (E.D. Mo. Mar. 16, 2011).

To prevail on a motion under Rule 60(d)(3), the burden is on the moving party to establish fraud by clear and convincing evidence. Johnson, 2011 WL 940841, at *2. This rigorous standard requires proof of "intent to deceive or defraud the court" through a "deliberate scheme." Id. "Intent to defraud is an absolute prerequisite to a finding of fraud on the court." Robinson v. Audi Aktiengesellschaft, 56 F.3d 1259, 1267 (10th Cir. 1995). Further, the movant must "show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Johnson, 2011 WL 940841, at *1 (citing England v. Doyle, 281 F.2d 304, 309 (9th Cir. 1960)). "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." Booker v. Dugger, 825 F.2d 281, 283–84 (11th Cir. 1987). Here, Thompson has not alleged anything that would constitute fraud on the Court in accordance with Rule 60(d)(3). Rather, the claim asserted in his motion, i.e., that the wrong law was applied, is one of legal error that could have been raised on appeal. As such, the claim is defaulted. See In re Design Classics, Inc., 788 F.2d 1384, 1386 (8th Cir.

1986) (When an error of law is alleged, the proper vehicle for attack on that error is the direct appeal.)

In any event, Thompson is attempting to relitigate an issue he could have raised on direct appeal. A post-dismissal motion under Rule 60(d) that either attempts to raise a new ground for relief or attacks a federal court's previous resolution of a claim on the merits is a second or successive claim for habeas relief, for which the movant must obtain permission from the court of appeals prior to filing in the district court. Williams v. Dormire, No. 4:10-CV-1413 CAS, 2010 WL 3270111, at *3 (E.D. Mo. Aug. 17, 2010) (citing Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005)).

Before a defendant may file a second or successive § 2254 motion, he must obtain leave from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). To circumvent this requirement, defendants sometimes file a successive motion under the guise of a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). Numerous courts have held that a post-dismissal motion under Rule 60(d)(3) is a second or successive claim for relief, for which the movant must obtain permission from the court of appeals before filing in the district court. See Bewig v. United States, No. 4:05 CV 635 CDP, 2010 WL 4177452, at *2 (E.D. Mo. Oct. 20, 2010) (denying a Rule 60(d)(3) motion as a successive § 2255 motion and holding the defendant was simply trying to re-litigate issues he raised or could have raised on direct appeal and in his initial § 2255 motion); see also Williams v. Dormire, No. 4:10–cv–1660, 2010 WL 3733862, at *3 (E.D. Mo. Sept. 20, 2010); Blackwell v. United States, No. 4:99–cv–1687, 2009 WL 3334895, at *7 (E.D. Mo. Oct. 14, 2009); Gutierrez v. United States, No. 01-331 ADM/AJB, 2013 WL

3380313, at *2 (D. Minn. July 8, 2013); United States v. Head, No. 02–75(1), 2010 WL 2545857 (D. Minn. June 21, 2010).

The Eighth Circuit Court of Appeals has not authorized this Court to consider Thompson's second or successive habeas petition. Instead, Thompson is attempting to circumvent the requirements of § 2244(b)(3)(A) through another procedural device, Rule 60(d). As a result, this Court is not authorized to consider Thompson's motion. Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief Pursuant to Rule 60(d)(3), Fraud on the Court and/or A Lack of Subject Matter Jurisdiction on Retrial Charge [69] is **DENIED** to the extent the motion is treated as a Rule 60(d)(3) motion, and **DISMISSED** for lack of jurisdiction as a second or successive habeas petition in all other respects.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Expedite [74] is **DENIED as moot.**

Dated this 7th day of November, 2019.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**